## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

RANDY BAILEY and
SHARON BAILEY,

                Plaintiffs,

v.                                              CIVIL ACTION NO.  5:06-cv-00061

FORD MOTOR COMPANY,

                Defendant.

### MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Ford Motor Company's ("Ford") Motion to Transfer Venue [Docket 5] and Plaintiffs' Motion to Remand [Docket 35]. For the reasons discussed below, both Ford's motion to transfer and Plaintiffs' motion to remand are **DENIED**.

**A.**    **Background**

Plaintiffs filed this action in the Circuit Court of Wyoming County, West Virginia, alleging damages for personal injuries, breach of warranty, and violations of VA. CODE ANN. §§ 59.1-207.13, 59.1-207.14. The suit is a result of injuries Plaintiff Randy Bailey allegedly sustained when the brakes on his 2004 Ford Freestar failed while traveling down Three Forks Mountain in McDowell County, West Virginia. Specifically, Plaintiffs allege that Mr. Bailey suffered injury to his left shoulder and left knee when he jumped from the vehicle, which has caused him "to suffer permanency of injury which upon sound medical advise [sic] will plague him for an indefinite period of time and perhaps for the remainder of his life." Compl. ¶ 32. According to the complaint, Plaintiffs request that they be awarded:

> [A] full and total refund of the purchase price, annoyance and inconvenience damages, cost of litigation, out of pocket expenses and attorney's fees; and, that they be awarded damages. . . for personal injury, including but not limited [to] damages for pain and suffering, mental anguish and emotional distress, annoyance and inconvenience, medical expenses, permanency of the injury and future pain and suffering . . . .

*Id.*

After Plaintiffs filed this action in Wyoming County Circuit Court, Ford removed it to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[1] Ford then filed a motion to transfer venue from this Court to the United States District Court for the Western District of Virginia. Subsequent to Ford's motion to transfer venue, Plaintiffs filed a motion to remand claiming that their damages do not exceed $75,000 as required by 28 U.S.C. § 1332(a). Because the motion to remand raises the issue of subject matter jurisdiction, the Court will address it first.

**B.     Plaintiffs' Motion to Remand**

Plaintiffs argue that their liquidated damages are only $1,026.48 for medical costs plus the total loss of their vehicle in the amount of $26,110.67. With regard to future damages, Plaintiffs argue that there is no "allegation that Plaintiff Randy Bailey has suffered a permanent and enduring injury." Pls.' Mem. in Support of Mot. to Remand at 6. Therefore, given the amount of liquidated damages, and the fact that there are no future damages, Plaintiffs contend that they do not meet the requisite amount in controversy.

Ford responds that Plaintiffs rely on information not contained in the complaint. Ford argues that at the time of removal, the allegations in the complaint were objectively interpreted as surpassing the $75,000 requirement. Ford directs the Court's attention to the allegation that Mr.

---

[1] Plaintiffs are West Virginia residents while Ford is incorporated in Delaware and has its principal place of business in Michigan.

Bailey suffered injury to his left shoulder and left knee, which has caused him "to suffer permanency of injury which upon sound medical advise [sic] will plague him for an indefinite period of time and perhaps the remainder of his life." Compl. ¶ 32.

In order to establish diversity jurisdiction in federal court upon removal, the defendant bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See, eg., McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). To do so, Ford "must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Sayre*, 32 F. Supp. 2d at 886. In making the jurisdictional determination, the Court may "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id*. (quoting *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)).

The amount in controversy is "determined by considering the judgment that would be entered if plaintiff prevailed on the merits of [their] case as it stands at the time of removal." *Green v. Metal Sales Mfg. Corp*., 394 F. Supp. 2d 864, 866 (S.D. W. Va. 2005) (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936-37 (S.D. W. Va. 1996)). The Court should consider "the type and extent of the plaintiff's injuries and the possible damages recoverable . . . ." *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997). Moreover, the Court "is not required to leave its common sense behind." *Sayre*, 32 F. Supp. 2d at 886-87.

Contrary to Plaintiffs' assertion that their complaint does not contain an "allegation that Plaintiff Randy Bailey has suffered a permanent and enduring injury", the complaint's express language states otherwise. *See* Pls.' Mem. in Support of Mot. to Remand at 6. In the complaint, Plaintiffs ask for damages "including but not limited [to] damages for pain and suffering, mental

anguish and emotional distress, annoyance and inconvenience, medical expenses, *permanency of the injury and future pain and suffering . . . .*"  Compl. ¶ 32 (emphasis added).  Additionally, the complaint states that Plaintiffs are "entitled to any and all relief as may be available to them under Code of Virginia 59.1-207.14 and Code of Virginia 59.1-207.13."  *Id.* ¶ 26.  Under these statutes, if Plaintiffs were to prevail on the merits of their case, they would be entitled to a refund of the vehicle, collateral charges, incidental damages, reasonable attorney's fees, expert witness fees, and court costs.  VA. CODE ANN. §§ 59.1-207.13, 59.1-207.14.

Given the language in the complaint, the statutes cited by Plaintiffs, and the fact that medical expenses plus the cost of the vehicle already add up to approximately $27,000, Ford has done more than offer a bare allegation that the amount in controversy exceeds $75,000.  When the Court "considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."  *Campbell v. Rests. First/Neighborhood Rest. Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004) (holding that remand was improper where plaintiff only had $20,000 of medical bills, but requested damages for permanent injuries to her ankle and knee).  Also, it is apparent that the parties have not entered into "a formal, truly binding, pre-removal stipulation signed by counsel and his client[s] explicitly limiting recovery" to less than $75,000.  *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001).  Instead, in support of the motion to remand, Plaintiffs offer, by statements of counsel, self-serving comments minimizing their damages which are in conflict with their own pleadings.

Based on the allegations contained in the complaint, the Court **FINDS** by a preponderance of the evidence that Ford has shown that if Plaintiffs prevailed on the merits of the case, as it existed

at the time of removal, the amount in controversy would have exceeded $75,000. Accordingly, Plaintiffs' Motion to Remand [Docket 35] is **DENIED**.

**C.     Ford's Motion to Transfer Venue**

Although transfer under 28 U.S.C. § 1406 would be inappropriate given venue is proper in West Virginia, the Court *may*, for the convenience of the parties and in the interest of justice, transfer the case to the Western District of Virginia. 28 U.S.C. § 1404(a) (emphasis added). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994). The plaintiff's forum selection is accorded considerable weight. *Id.*; *Collins v. Straight, Inc.,* 748 F.2d 916, 921 (4th Cir. 1984). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Additionally, "transfer . . . will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA Enters., Inc.*, 842 F. Supp. at 909.

Analyzing the first factor of access to sources of proof, it would appear that a key question is whether the vehicle purchased was defective and if that defect was the cause of Plaintiffs' injuries. Sources of proof on this issue appear to exist in both Virginia, where the vehicle was sold and repaired, and West Virginia, where the accident occurred. Regarding the convenience of the parties

and witnesses, Ford identified potential witnesses as residents of Virginia who allegedly would benefit as a result of the transfer, such as employees of both Ramey Ford and Prestige Ford.[2] However, the distance from Ramey and Prestige Ford to the federal courthouse in Beckley is not substantially longer than from the dealerships to the courthouse in Abingdon. Furthermore, Plaintiffs will likely present witnesses who are residents of West Virginia. In fact, Plaintiffs themselves reside in West Virginia.

As to the factor of the cost of obtaining witness attendance, the Court notes that there is not much of a difference between the distances of the bordering districts and compulsory process appears to be available. Rule 45(b)(2) states, "[s]ubject to the provisions of . . . [subdivision (c)(3)(A)(ii)] . . . a subpoena may be served . . . at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ." FED. R. CIV. P. 45(b)(2).[3] While the Rules protect a person from being subject to

---

[2]The Court would like to note that the distance from Ramey Ford to the courthouse in Beckley is 68.4 miles (or about 1 hour and 28 minutes). *See* Google Maps, http://www.google.com/maphp?hl=en&tab=wl&q= (last visited Nov. 30, 2006). Alternatively, the distance from Ramey Ford to the federal courthouse in Abingdon, VA is 60.0 miles (and about 1 hour and 42 minutes). *Id.* Although not as close in distance, the milage from Prestige Ford to the courthouse in Beckley is 83.8 miles (or about 1 hour 52 minutes), and from Prestige Ford to Abingdon is 44.9 miles (or about 1 hour and 18 minutes). *See id.*

[3]Rule 45 provides that the issuing court must quash or modify a subpoena if it:

> requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held . . . .

FED. R. CIV. P. 45(c)(3)(A)(ii).

a subpoena under certain circumstances, a person is not protected if he or she is employed less than 100 miles from where he or she would be required to travel. FED. R. CIV. P. 45(c)(3)(A)(ii). Ford's witnesses from both Ramey and Prestige Ford are employed within 100 miles of Beckley.

Additionally, Ford does not address the possibility of a jury view in its motion, and such a possibility does not appear likely to occur in Virginia. Therefore, neither the availability of compulsory service, nor the possibility of a jury view support Ford's motion to transfer. The remaining factors of interest in having local controversies decided at home and the interests of justice do not weigh heavily either way. While it is true that a portion of Plaintiffs' claim is based under the Virginia Motor Vehicle Warranty Enforcement Act and a court in Virginia is likely to have more experience in evaluating a claim under the Act, this Court is able to ensure that Virginia law is, in Ford's own words, "applied correctly and consistently." Ford's Mem. of Law in Support of its Mot. to Transfer Venue at 5.

Finally, this case is at a relatively advanced stage of development, at least as measured by the scheduling order. In addition, some unusual issues surrounding Plaintiffs' counsel's alleged failure to properly litigate this case remain under advisement with the Court. Accordingly, under the circumstances, the interests of justice would not be served by transferring this case to a new judge in a new district.

The Court concludes transfer is inappropriate. The balance does not weigh strongly in Ford's favor, and transfer would merely shift the minimal inconvenience it faces to Plaintiffs. Therefore, Ford's Motion to Transfer Venue [Docket 5] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 30, 2006

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE